UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, and SKILL IMPROVEMENT AND SAFETY FUNDS, <br><br> Plaintiffs, <br><br> -against- <br><br> SHELBOURNE CONSTRUCTION CORP., <br><br> Defendant. | 20 CV _____ <br><br><br> **COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer benefit funds through their respective Boards of Trustees, to collect delinquent employer contributions to employee benefit plans.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to Sections 502(e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145; Section 301 of the LMRA, 29 U.S.C. § 185.

3.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4.      Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c).  The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5.      Upon information and belief, defendant Shelbourne Construction Corp., ("Shelbourne") is a domestic business corporation organized under the laws of the State of New York, with its principal place of business at 44-02 23rd Street, Ste. 306, Long Island City, New York 11101 engaged in the construction business.  At all relevant times, Shelbourne was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

## STATEMENT OF FACTS

### The Collective Bargaining Agreement

6.      At relevant times herein, Shelbourne was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union").

7.      The CBA requires Shelbourne to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

8.      Additionally, the CBA requires Shelbourne to forward specified dues check-offs and other contributions to the Union for each hour of Covered Work performed by Shelbourne's employees.

9.      The CBA also requires that contributions and remittance reports detailing the number of hours of Covered Work performed by employees are due on or before the 35th day following the close of the month in which the hours were worked.

10.      The CBA requires Shelbourne to comply with payroll audits to confirm that it is complying with its obligations under the CBA.

11.      Pursuant to the CBA, if an employer fails to pay contributions when due, the employer is liable to the Funds for interest on the amount of the unpaid contributions at an annual rate of ten percent (10%).

12.      Pursuant to the CBA, in the event the Funds are required to employ an attorney to collect the fringe benefits due and owing, Shelbourne is obligated to pay to the Funds its attorneys' fees.

13.      The CBA provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein." ("Trust Agreements").

14.      The Trust Agreements provide that in operating and administering the Funds, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

15.     Pursuant to the Trust Agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, Shelbourne is bound to the terms of the Collection Policy.

16.     Article II of the Collection Policy provides that if Shelbourne fails to make contributions when due, Shelbourne is liable to the Funds for interest on the amount of unpaid contributions at an annual rate of ten percent (10%), liquidated damages of ten percent (10%) of the amount of the unpaid contributions, reasonable audit and collections expenses, and attorneys' fees and costs.

17.     Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA.  In addition, Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.

**Delinquent Reports and Late Payment Interest**

18.     The CBA requires Shelbourne, *inter alia,* to report to the Funds the number of hours of Covered Work performed by each employee.

19.     Shelbourne failed to report the number of hours of Covered Work performed by each of its employees for the period November 2019 through February 2020.  Accordingly, Shelbourne owes contributions in an unknown amount for the period November 2019 through February 2020.

20.     Further, Shelbourne also owes interest on the late payment of contributions for the period September 2018 through September 2019 in the amount of $1,135.24.

21.     Pursuant to the CBA, the documents and instruments governing the Funds, and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, Shelbourne is liable to the Funds for: (1) contributions in an unknown amount for the period November 2019 through February 2020; (2) interest on the unpaid contributions at an annual rate of ten percent (10%); (3) liquidated damages of ten percent (10%) of the principal amount of the delinquency; (4) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; (5) all reasonable attorneys' fees, expenses, and collections costs incurred by Plaintiffs; and (6) other such legal or equitable relief the Court deems appropriate.

22.     With respect to the late payment interest Shelbourne owes in connection with contributions it paid past the deadline for doing so between September 2018 and September 2019, pursuant to the CBA, the documents and instruments governing the Funds, and Section 301 of the LMRA, 29 U.S.C. § 185, the Funds are entitled to recover: (1) late payment interest of $1,135.24; (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (3) such other legal or equitable relief as the Court deems appropriate.

## FIRST CLAIM FOR RELIEF AGAINST SHELBOURNE
### *Unpaid Contributions Under 29 U.S.C. § 1145*

23.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

24.     Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

25.     The CBA requires that Shelbourne make contributions to Plaintiffs for all Covered Work it performed.

26.     Shelbourne owes contributions in an unknown amount for the period November 2019 through February 2020.

27.     Pursuant to the CBA, the documents and instruments governing the Funds, and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Shelbourne is liable to Plaintiffs for: (1) contributions in an unknown amount for the period November 2019 through February 2020; (2) interest on the delinquent contributions adjudged to be due and owing at an annual rate of  ten percent (10%); (3) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (4) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; (5) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (6) such other legal or equitable relief as the Court deems appropriate.

### SECOND CLAIM FOR RELIEF AGAINST SHELBOURNE
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

28.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

29.     Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

30.     Shelbourne violated the terms of the CBA when it failed to timely remit contributions and reports for the period November 2019 through February 2020.

31.     Moreover, Shelbourne also violated the terms of the CBA when it failed to timely remit all contributions for the period September 2018 through September 2019, thereby incurring interest charges of $1,135.24

32.     With respect to the delinquent contributions, pursuant to the CBA, the documents and instruments governing the Funds, Section 301 of the LMRA, 29 U.S.C. § 185, Shelbourne is liable to Plaintiffs for:  (1) contributions in an unknown amount for the period November 2019 through February 2020; (2) interest on the unpaid contributions at an annual rate of ten percent (10%); (3) liquidated damages of ten percent (10%) of the principal amount of the delinquency; (4) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; (5) all reasonable attorneys' fees, expenses and costs incurred by Plaintiffs in prosecuting this suit; and (6) such other legal or equitable relief as the Court deems appropriate.

33.     With respect to the late payment interest Shelbourne owes in connection with contributions it paid past the deadline for doing so between September 2018 and September 2019, pursuant to the CBA, the documents and instruments governing the Funds, and Section 301 of the LMRA, 29 U.S.C. § 185, the Funds are entitled to recover: (1) late payment interest of $1,135.24; (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (3) such other legal or equitable relief as the Court deems appropriate.

34.     As a result of Shelbourne's violations, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE**, plaintiffs respectfully request that this Court:

i.    Award judgment in favor of Plaintiffs and against Shelbourne for its failure to timely remit reports and contributions required by the CBA for the period November 2019 through February 2020;

ii.    On Plaintiffs' First Claim for Relief, order Shelbourne to pay Plaintiffs: (1) contributions in an unknown amount for the period November 2019 through February 2020; (2) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten percent (10%); (3) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (4) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; (5) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (6) such other legal or equitable relief as the Court deems appropriate;

iii.    On Plaintiffs' Second Claim for Relief, with respect to the delinquent contributions, order Shelbourne to pay Plaintiffs: (1) contributions in an unknown amount for the period November 2019 through February 2020; (2) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten percent (10%); (3) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (4) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; (5) reasonable attorneys' fees and costs incurred by Plaintiffs

in this action; and (6) such other legal or equitable relief as the Court deems appropriate;

iv. On Plaintiffs' Second Claim for Relief, with respect to the late payment interest Shelbourne owes in connection with contributions it paid past the deadline for doing so between September 2018  through September 2019, finding that Plaintiffs are entitled to recover: (1) late payment interest of $1,135.24; and (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and

v. Award Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 30, 2020

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:        /s/
      Adrianna R. Grancio, Esq.
      Charles R. Virginia, Esq.
      40 Broad Street, 7th Floor
      New York, NY 10004
      Tel: (212) 943-9080
      agrancio@vandallp.com
      *Attorneys for Plaintiffs*